Matter of the Estate of WILLIAM H. WEBB, Deceased.

(Surrogate's Court, New York County, December, 1918.)

Trusts — trustees — application by cestui que trust for order directing payment of interest on funds pending determination of an action as to whether such funds constitute principal or income.

A part of a testamentary trust fund consisted of stock of a certain corporation which declared a special cash dividend and increased its capital stock and the stockholders were given the privilege of subscribing for new shares at par. The trustee received a certain sum as his share of the cash dividend and sold his right of subscription to the new stock for a certain amount. The referee in an action brought in the Supreme Court to determine whether the cash dividend and said right of subscription constituted principal or income has not yet filed

Surrogate's Court, New York County, December, 1918.   [Vol. 105.

his report. *Held*, that an application by the *cestui que trust* for an order directing the payment to him of the interest on the combined fund will be granted, as whether it be determined that the fund was income or principal, the petitioner was entitled to the interest thereon.

APPLICATION for an order directing the substituted trustee under the will of decedent to pay petitioner herein the interest on certain trust funds.

Samuel Roberts Taylor, for petitioner William E. Webb.

Carter, Ledyard & Milburn, for Webb's Academy and Home for Shipbuilders.

William K. Gilchrist, for substituted trustee.

COHALAN, S.   This is an application for an order directing the substituted trustee under the will of the decedent to pay William E. Webb, the petitioner herein, the interest on certain trust funds.

The will of the decedent provided that the trustee therein named should pay to William E. Webb the income from a certain part of the estate. Part of the fund set apart for the benefit of William E. Webb consisted of stock of the Central Trust Company. In April, 1916, the Central Trust Company declared a special cash dividend and increased its capital stock. The stockholders were given the privilege of subscribing for the new shares at par. The trustee of the trust fund created for the benefit of the petitioner received $13,333 as his share of the cash dividend, and sold for $85,000 his right to subscribe to the new stock. An action was subsequently brought in the Supreme Court to determine whether the cash dividend and the right to subscribe to new stock of the Central Trust Com-

pany constituted principal or income.  A referee was appointed to hear and determine this question, but his report has not yet been filed.

The petitioner in this application contends that he is entitled to the interest on the amount received by the trustee for the cash dividend and for his right to subscribe to the new stock, irrespective of what the decision of the Supreme Court may be as to the ownership of that property.  It is contended, however, on behalf of the remaindermen that this court should not assume jurisdiction to determine the right of the petitioner to the interest on the fund, but should leave the matter to the Supreme Court for determination.

If the Supreme Court had acquired jurisdiction to determine the question now presented by the petitioner, this court would not of course interfere with the exercise of that jurisdiction; but it seems to me that the question presented by the petitioner is not before the Supreme Court.  The complaint of the trustee in the action in the Supreme Court asks that the court adjudge whether the cash dividend was accumulated income or principal; whether the additional stock and the right to subscribe to such stock represent accumulated profits or was capital of the company. The complaint also asks the direction of the court as to the disposition which should be made " of said sums of money under the provisions of said will." Nothing is said in the complaint about the right of either party to the interest on the fund in controversy.  The judgment of the Supreme Court must be confined to the issues presented by the pleadings, and as the right of the petitioner to the interest on the fund is not in issue before that court, it cannot determine that question.  Therefore, as the question is not presented in the action now pending in the Supreme Court, and it

Surrogate's Court, New York County, December, 1918.   [Vol. 105.

is not necessary for that court to determine it in connection with its adjudication of the ownership of the fund, this court may exercise its jurisdiction and determine the right of the *cestui que trust* to the interest on such fund.

If the Supreme Court should determine that the fund is income, the petitioner would be entitled to the entire fund; if the court should determine that the fund is principal, the petitioner would, under the terms of the will, be entitled to the interest on it. Therefore, in any event, the petitioner is entitled to the interest on the fund. The trustee and the petitioner should stipulate as to the amount of such interest before submitting a decree; otherwise I shall appoint a referee to compute the amount. There should, however, be reserved by the trustee a sum sufficient to pay the representative of the deceased trustee his one-half commissions for receiving such income. From the figures submitted to the court upon this application, such commissions cannot exceed $200.

Application granted.